**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANGELO FELICIANO, | : | |
| | | Civil Action No. 07-5908 (RBK) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| STATE OF NEW JERSEY, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner pro se
Angelo L. Feliciano
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08101

**KUGLER**, District Judge

Petitioner Angelo L. Feliciano, a pre-trial detainee arrested on charges of unlawful possession of a firearm and possession of marijuana, and currently confined at Camden County Correctional Facility, has submitted a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is the State of New Jersey.[2]

---

[1] Petitioner has submitted an application for leave to proceed in forma pauperis.  However, Petitioner's institutional account information was not certified by an authorized officer of his institution as required by Local Civil Rule 81.2(b). Nevertheless, this Court will grant Petitioner's application.

[2] The State of New Jersey is not a proper respondent.  See, e.g., Rumsfield v. Padilla, 542 U.S. 426, 434-436 (2004) (in habeas challenges to present physical confinement, the proper respondent is the warden of the facility where the petitioner is confined).  Because of the resolution of this matter, it is not necessary to require Petitioner to amend the Petition.

Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ at this time, the Court will deny the Petition.  See 28 U.S.C. § 2243.[3]

## I.   BACKGROUND

Petitioner asserts that he was arrested and charged with unlawful possession of a firearm and possession of marijuana. Petitioner alleges that he has been indicted and that the matter is proceeding in the Superior Court of New Jersey, Camden County, Trial Division.  Petitioner alleges that he has appeared for four court appearances in nine months, but that he has not been given the opportunity to be heard.  Petitioner alleges that he has been assigned a public defender to represent him.

Petitioner alleges that he has been denied discovery of the statutes pursuant to which he was indicted.  He alleges further that he was not timely brought before a judicial officer for a

---

[3] United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

2

probable cause determination.[4]  Finally, he alleges that he has

been denied his constitutional right to a speedy trial.[5]

Petitioner states that he has brought his concerns to the

attention of his counsel and the trial court, but that he has not

received any response to his petition, motions, and other demands

for documents.

II.  ANALYSIS

Addressing the question whether a federal court should ever

grant a pre-trial writ of habeas corpus to a state prisoner, the

Court of Appeals for the Third Circuit has held:

(1)  federal courts have "pre-trial" habeas corpus
     jurisdiction;

(2)  that jurisdiction without exhaustion should not be
     exercised at the pre-trial stage unless
     extraordinary circumstances are present ... ;

---

[4] Petitioner alleges that he was made to wait seven months
before his first appearance before a judge for a probable cause
determination.  Petitioner is not presently awaiting any such
probable cause determination.  Accordingly, any delay in the
probable cause hearing does not form a basis for habeas relief at
this time.  Similarly, as Petitioner has now appeared before a
judicial officer, his allegation that he was arrested unlawfully
does not present a ground for habeas relief at this time.  See,
e.g., Wallace v. Kato, 127 S.Ct. 1091 (2007) (false arrest and
associated false imprisonment end when legal process is initiated
against a prisoner).  Here, Petitioner has been indicted and
appeared in court four times, including for a probable cause
determination.  The alleged tardiness of the probable cause
determination is not relevant to Petitioner's present pre-trial
detention.

[5] Petitioner also alleges that he has been held in violation
of the Convention Against Torture and other human rights
treaties.  This allegation is unintelligible.

(3)   where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d at 443.

Petitioner here does not allege that he has exhausted his state remedies,[6] nor does he allege any "extraordinary circumstances" that would justify this Court's exercising its jurisdiction to provide pre-trial habeas relief.  Petitioner has been confined nine months, pursuant to an indictment, and counsel has been appointed to represent him.  The allegation of a violation of his constitutional right to a speedy trial is a defense that should be litigated in the first instance in state court.  The allegations of the Petition are not sufficient to justify the extraordinary relief of a federal pre-trial writ of habeas corpus.

---

[6] Petitioner has brought his concerns to the attention only of the trial court, which has not yet ruled on his petition for release.  Petitioner alleges that he need not exhaust his state remedies because of the trial court's failure to address his motions.  The delay is not so lengthy that this Court is willing to find the exhaustion requirement excused.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, Petitioner is not entitled
to habeas relief at this time.   An appropriate order follows.


<u>S/Robert B. Kugler</u>
Robert B. Kugler
United States District Judge

Dated: February 15, 2008